Appellant=s Motion for Rehearing is Overruled; Affirmed and Substitute
Memorandum Opinion filed May 21, 2009








Appellant=s Motion for Rehearing is Overruled; Affirmed and Substitute Memorandum Opinion filed May 21, 2009.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00338-CV

_______________

 

ROB L. NEWBY, Appellant

 

V.

 

SAM CHAMBERS, J. CUNNINGHAM, G. CURRIE, M. ROESLER,
SHANNON KERSH, VICKIE BARROW, and THE STATE OF TEXAS, Appellees

                                                                        
                                                                       

On Appeal from the 1A District Court

 Tyler County, Texas

Trial Court Cause No. 20614

                                                                                                                                               


 

S U B S T I T U T E   M E M O R A N D
U M   O P I N I O N

We
withdraw our memorandum opinion of March 31, 2009 and substitute the following
in its place.

Rob L.
Newby, an inmate incarcerated in the Texas Department of Criminal Justice,
appeals pro se from a court order dismissing his lawsuit against appellees and
declaring him a vexatious litigant.  We affirm.








I.  Factual and Procedural Background

Newby
filed suit against appellees Sam Chambers, J. Cunningham, G. Currie, M.
Roesler, Shannon Kersh, Vickie Barrow, and the State of Texas in their
individual and official capacities for alleged violations of his civil rights. 
He stated that:

As to the
damages claims under 42 U.S.C. ' 1983,[[1]]
these defendants are sued in their individual capacities.

As to the
claims for damages arising from violations of state statutes and constitution,
these defendants are sued in their individual capacities, and official
capacities.[[2]]

Claims for
equitable relief are brought in the defendants= official capacity.








Appellees responded with
a general denial[3] and a motion
to declare Newby a vexatious litigant.  In their motion, appellees asserted
that (a) there was no reasonable probability Newby would prevail in his suit
and (b) he had commenced, prosecuted, or maintained in propria persona at
least five litigations, other than small claims, in the past seven years that
had been either determined against him or found frivolous or groundless. 
Specifically, appellees stated that there was no reasonable probability Newby
would prevail on his claims because (1) the defendants were entitled to
sovereign immunity to the extent that Newby was suing them in their official
capacity; (2) Newby failed to establish any actual harm from the defendants
alleged violation of his access to courts; and (3) Newby did not have a
federally-protected liberty interest in having his grievances resolved to his
satisfaction.  Appellees also listed six cases in which Newby had been
involved, all of which had been resolved against him.[4] 
Finally, appellees requested that Newby furnish security for their benefit
sufficient to assure payment of expenses incurred in connection with his suit. 
Newby replied by filing a supplemental petition, in which he alleged there was
a reasonable probability he would prevail on his claims and that several of his
previous suits had not been decided on the merits but were dismissed without
prejudice for violations of procedures under Chapter 14 of the Texas Civil
Practice and Remedies Code.

After a
telephonic hearing, the trial court concluded that Newby was a vexatious
litigant.  The court ordered Newby to furnish security for his lawsuit or
suffer dismissal of his claim.  Newby failed to furnish the requisite security
and his claim was dismissed.  Newby timely appealed the trial court=s dismissal order, asserting that the
trial court erroneously declared him a vexatious litigant.

II.  Issue Presented

In a
single issue, Newby contends the trial court erred by declaring him a vexatious
litigant.








III.  Analysis

A.        Standard of Review

We
review the trial court=s determination that an appellant is a vexatious litigant
under an abuse-of-discretion standard.  Douglas v. Am. Title Co., 196
S.W.3d 876, 879 (Tex. App.CHouston [1st Dist.] 2006, no pet.); Leonard v. Abbott,
171 S.W.3d 451, 459 (Tex.  App.CAustin 2005, pet. denied); Forist v. Vanguard Underwriters
Ins., 141 S.W.3d 668, 670 (Tex. App.CSan Antonio 2004, no pet.). The trial
court abuses its discretion by acting arbitrarily, unreasonably, or without
consideration of guiding principles.  Walker v. Gutierrez, 111 S.W.3d
56, 62 (Tex. 2003).

B.        Applicable Law

If a
defendant establishes there is no reasonable probability that a plaintiff will
prevail in a suit against the defendant, a court may find the plaintiff a
vexatious litigant in several different circumstances.  Tex. Civ. Prac. & Rem. Code Ann. ' 11.054.  As applicable here, the
court may find a plaintiff a vexatious litigant if, in the seven-year period
immediately preceding the date of the defendant=s motion, the plaintiff has Acommenced, prosecuted, or maintained
in propria persona at least five litigations other than in small claims court
that have been . . . finally determined adversely to the plaintiff . . . or . .
. determined by a trial or appellate court to be frivolous or groundless under
state or federal laws or rules of procedure.@  Id. ' 11.054(1)(A), (C).  In the event a
court declares a plaintiff a vexatious litigant, it Ashall order the plaintiff to furnish
security for the benefit of the moving defendant. . . .@  Id. ' 11.055.   AThe court shall dismiss a litigation
as to a moving defendant if a plaintiff ordered to furnish security does not
furnish the security within the time set by the order.@  Id. ' 11.056. 








C.        Application

As a
preliminary matter, we note that on appeal, Newby has only challenged the trial
court=s conclusion that there was no
reasonable probability that he would prevail in his suit against appellees. 
Thus, we limit our discussion to whether the trial court abused its discretion
in making this determination.[5]

Newby
sued appellants because appellants allegedly denied him access to grievance
forms and legal research forms.  He complained that denial of access to the
grievance forms prevented him from filing grievances because prison officials
would not consider his grievances if they were not presented on the appropriate
grievance forms.  He argued that, by denying him legal research forms, he was
prevented from generating legal research to Adevelop his claims and prepare responsive
pleadings.@  For each of these complaints, he attached copies of Step 1 and Step 2
grievance forms, which had been responded to by prison officials.[6]








Similar
claims filed by Newby have previously been dismissed as frivolous.   In Newby
v. Hurley, Newby sued prison officials because he was allegedly unable to
obtain grievance forms.  No. 13-08-016-CV, 2008 WL 3868338, at *1 (Tex. App.CCorpus Christi Aug. 21, 2008, no
pet.) (mem. op.).  Citing Comeaux v. Thaler,[7]
the Thirteenth Court of Appeals concluded that Newby=s claim was properly classified as an
allegation of a denial of a right to access to courts.  Newby, 2008 WL
3868338, at *2.  To establish a denial of this right, the appellate court
explained that an inmate must show actual harm resulting from the prison
officials= alleged conduct.[8]  See id.;
see also Lewis v. Casey, 518 U.S. 343, 349B52 (1996).  The Thirteenth Court of
Appeals concluded that Newby could not Aprevail on his access-to-the-courts
claim because he ha[d] not alleged injury in pending litigation in this or any
other case.@  Newby, 2008 WL 3868338, at *2. 

Likewise,
in this case, Newby has not identified any injury caused by the prison
officials= alleged failure to provide him grievance forms or legal research request
forms.  Instead, he alleged that the appellees= failure to provide him forms impeded
his Apursuit of legal research@ to Adevelop [his] claims and prepare
responsive pleadings.@  He also contended that prison officials were Aabundantly aware@ he was involved in nine active cause
numbers and was Astruggling to manage them.@  But Newby did not specify any legal
claims in which he was challenging his conviction or the conditions of his
confinement that were hindered by the appellees= alleged failure to provide him these
forms.  Thus he has not shown any actual harm resulting from such an alleged
failure.  See id.








Further,
the law is settled that an inmate does not have a constitutionally protected
right to access a grievance procedure.  See Adams v. Rice, 40 F.3d 72,
75 (4th Cir. 1994) (stating Athe Constitution creates no entitlement to grievance
procedures or access to any such procedure voluntarily established by a state@); Buckley v. Barlow, 997 F.2d
494, 495 (8th Cir. 1993) (holding a prison grievance procedure is merely a
procedural right, which does not confer any substantive right upon inmates and,
therefore, does not create a protected liberty interest implicating the
protections of the Fourteenth Amendment).  Thus, a prison grievance procedure
is not an entitlement. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.
1988) (holding that state prisoners have Ano legitimate claim of entitlement to
a grievance procedure@).   Finally, although Newby may be dissatisfied with
appellees= disposition of his grievances, he does not have a federally-protected
liberty interest in having grievances resolved to his satisfaction.  Geiger
v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).

Under
these circumstances, we cannot say the trial court abused its discretion in
determining that Newby had no reasonable probability of prevailing on his
claims against appellees in either their official or personal capacities. We
therefore overrule his sole issue on appeal.

IV.  Conclusion

Having
determined that the trial court did not abuse its discretion in declaring Newby
a vexatious litigant, we hold it did not err in ordering Newby to furnish
security before pursuing the instant lawsuit.  Because Newby failed to furnish
the requisite security,  the trial court was required to dismiss his claims. 
The judgment of the trial court is therefore affirmed.

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices Yates,
Guzman, and Boyce.









[1]  Section 1983 permits suit against officials for
violations of civil rights secured by the Constitution and laws of the United
States.  See 42 U.S.C. ' 1983.





[2]  Public officials sued in their official capacities
are protected by the same sovereign immunity enjoyed by the governmental unit
they represent.  See Kentucky v. Graham, 473 U.S. 159, 165B67 (1985) (explaining the distinction between suits
against government officials in their personal and official capacities); Fed.
Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997) (AThis Court has long recognized that sovereign
immunity, unless waived, protects the State of Texas, its agencies and its
officials from lawsuits for damages, absent legislative consent to sue the
State.@),  superceded by statute, Tex. Gov=t Code '' 2260.001 B
.108, as recognized in Gen. Servs. Comm=n v. Little Tex. Insulation Co., Inc., 39 S.W.3d 591, 593 (Tex. 2001); Morris v.
Copeland, 944 S.W.2d 696, 698B99
(Tex. App.CCorpus Christi 1997, no pet.) (holding that suit
against sheriff was a suit against the county, and both were immune from suit
by virtue of sovereign immunity).  Although Newby sued appellees in both their
personal and official capacities, he failed to plead waiver of sovereign
immunity regarding any actions taken by appellees in their official
capacities.  Thus, the trial court did not abuse its discretion in dismissing
his claims for damages against appellees in their official capacity.





[3]  Appellees also asserted their rights to Aqualified, official, and sovereign immunity as they
apply@ in their general denial.





[4]  Appellees provided copies of the judgments, orders
of dismissals, or opinions associated with these cases.





[5]  We note, however, that the appellees attached copies
of six lawsuits that were decided adversely to Newby to their motion to declare
him a vexatious litigant.  Further, in an affidavit attached to his original
petition in this lawsuit, Newby listed a total of eleven previously filed civil
actions, several of which he acknowledged had been decided adversely to him.





[6]  In Step 1 Grievance No. 2007137942, Newby complained
that prison law library staff refused to provide him with grievance and
research forms.  Prison officials responded by stating that Newby had already
received the three items he was permitted from the law library when he made
these requests.  In the Step 2 Grievance of this complaint, Newby claimed that
officials had not addressed his issue, stating Athe issue was that I-60s [research] and grievances are not readily
available on the wing.@  Prison officials responded by stating that AI-60=s and grievance
forms are made available to all offenders.@ 
In Steps 1 and 2 of Grievance No. 2007147635, Newby complained that law library
staff were ignoring his requests for legal materials and Adeliberately trying to thwart@ his efforts to Aeffectively
manage@ his legal cases.  Prison officials noted his
grievance and explained that legal research materials and supplies would be
provided to him in accordance with prison policies.





[7]  Civil Action No. H-01-1411, 2008 WL 818341, at *21
(S.D. Tex. March 24, 2008) (AComeaux
complains that he has been denied access to the courts because he has had
inadequate access to the prison grievance process and sufficient legal
supplies. The constitutional right implicated by Comeaux=s allegations is the right to access the courts that
is generally protected by the First Amendment, the Due Process Clause, and the
Equal Protection Clause.@).





[8]  Actual harm is defined as some hindrance to an
inmate=s effort to pursue a legal claim.  Lewis, 518
U.S. at 356.  Further, an inmate=s
right to pursue legal claims encompasses only a reasonable opportunity to file
non-frivolous legal claims challenging a conviction or conditions of his
confinement.  Id.